IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDEEP S., | Civil No. 1:26-cv-04352-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART |
| vs. | |
| | A# 245-028-130 |
| TONYA ANDREWS, *et al.*, | |
| Respondents. | |

### ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART

Petitioner Sandeep S.[1] is an immigration detainee proceeding with a petition for habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and a motion for temporary restraining order, Dkt. No. 2 (the "TRO motion").

Shortly after Petitioner entered the country without inspection in June 2023, he was arrested by U.S. Border Patrol.  Dkt. No. 6-1, at pg. 3.  Petitioner was served with a Form I-862 (Notice to Appear), and he was released on an Order of Recognizance.  Dkt. No. 1, at pg. 6.  U.S. Immigration and Customs Enforcement re-detained Petitioner on June 4, 2026.  Dkt. No. 6-1, at pg. 2.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention without a bond hearing violates his procedural due process rights.[2]  Dkt. No. 1, at pgs. 17—18.

Respondents do not dispute that Petitioner was initially detained in June 2023, or that he was subsequently released on an Order of Recognizance.  *See* Dkt. No. 6. Instead, they argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), and that he is not, therefore, entitled to a bond hearing.  *Id.* at pg. 1.  This court and many others have rejected Respondents' argument that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See, e.g.*, *Vikrant S. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026); *John M.Z. v. Noem*, No. 1:26-cv-02925-MWJS, 2026 WL 1125790 (E.D. Cal. Apr. 23, 2026).  Indeed, Respondents acknowledge the numerous cases in this district contrary to their position.  Dkt. No. 6, at pg. 2.  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

Given the foregoing, the petition is GRANTED in part as to Count Two, for the reasons set forth in the cases cited above and the many others like them.  Respondents

---

[2]    Petitioner also argues that: his detention violates his substantive due process rights, the Immigration and Nationality Act, and the Fourth Amendment.  Dkt. No. 1, at pg. 15–23.  Given the relief granted by the court, these claims are DENIED without prejudice.

are therefore ENJOINED AND RESTRAINED from continuing to detain petitioner unless they demonstrate, within seven days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[3] *See Zenon A.C.F. v. Warden Cal. City Det. Ctr.*, No. 1:26-cv-02961-MWJS, 2026 WL 1257064 (E.D. Cal. May 7, 2026).  Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.  If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

Given the foregoing, the TRO motion, Dkt. No. 2, is DENIED AS MOOT.  The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

DATED:  June 17, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

———————————————
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04352-MWJS; *Sandeep S. v. Tonya Andrews*, et al.; ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART

---

[3] To the extent Respondents allege that Petitioner violated the conditions of his release and has an outstanding arrest warrant in Germany, Dkt. No. 6, at pg. 1, these are issues that can be raised during Petitioner's post-deprivation bond hearing.